MR. JUSTICE SHEA,
dissenting:
I would reverse the Worker’s Compensation Court because the State Fund failed in its mandatory statutory duty to accept or deny the claim within 30 days of its receipt. The failure to do so results in the acceptance of the claim. The statute is clear. Section 39-71-606(1), MCA provides:
“(1) Every insurer under any plan for the payment of workers’ compensation benefits shall within 30 days of receipt of a claim for compensation, either accept or deny the claim, and if denied shall inform the claimant and the division in writing of such denial.” (Emphasis added.)
The majority gives no meaning to this statute other than to read it together with the possible penalties that apply under Section 39-71-2907, MCA, if an insurer has “unreasonably delayed or refused . . .’’to pay benefits to a claimant. I assume by the majority opinion that if the insurer does not accept or reject a claim within 30 days, and if it is later found to be compensable, that the majority would hold the 20 percent penalty under Section 39-71-2907 to be automatic. Or, under the majority rationale, must the claimant establish also that the insurer was “unreasonable” in not notifying him within 30 days of its position on the claim.
While it is possible to construe Section 39-71-2907 to apply to a situation under 39-71-606(1) where the mandatory statutory duty of notice has not been given, this statute cannot serve the purpose that the majority lets it serve here. The statutory 20 percent penalty statute has nothing to do with notice. In fact, a fair reading of the statute is that it assumes a notice has been given to the claimant and the only question is whether the insurer’s position was unreasonable in “delaying” or in “refusing” to pay the benefits owed.
*282 I believe, on the other hand, that the notice statute, Section 39-71-606(1), stands alone in determining the time limits within which an insurer must act to accept or deny a claim once it has been presented to the insurer. The statute can only mean that coverage is deemed to exist as a matter of law if the insurer has neither accepted nor denied the claim within the mandatory 30 days.
The last clause of Section 39-71-606(1) is important. It reads: “. . . and if denied shall inform the claimant and the division of such denial.” (Emphasis added.) Its purpose is clear. If a claim is accepted, no prejudice can befall a claimant by not immediately notifying him and the division, except perhaps the prejudice of not immediately receiving benefits - a prejudice that can in almost all cases be cured. But the prejudice is clear if the insurer denies the claim but fails to notify the claimant of the denial. The statute is designed to protect against that kind of prejudice by imposing a duty on the insurer to notify the claimant within 30 days that his claim has been rejected. Failure to give this statutory written notice results in acceptance of the claim as a matter of law.